```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF TENNESSEE
                      WESTERN DIVISION
```

_____

|                              )                              |
| **OCTAVIA GREENE,**          )                              |
|                              )                              |
|     **Plaintiff,**           )                              |
|                              )                              |
| vs.                          )   Civil No. <u>09-2110-A/P</u> |
|                              )                              |
| **CRACKER BARREL OLD COUNTRY** ) |
| **STORE, INC.,**             )                              |
|                              )                              |
|     **Defendant.**           )                              |
|                              )                              |
|                              )                              |

_____

### ORDER DENYING PLAINTIFFS' MOTION FOR
### ADDITIONAL TIME TO RESPOND TO DISCOVERY
_____

Before the court by order of reference is plaintiffs' Motion for Additional Time to Respond to Discovery, filed June 15, 2009. (D.E. 11). Defendant Cracker Barrel responded in opposition to plaintiff's motion on June 17, 2009. For the following reasons, plaintiffs' Motion for Additional Time for Discovery is DENIED.

**I.   FACTS**

On February 25, 2009, plaintiff Octavia Greene filed a complaint against her employer, Cracker Barrel Old Country Store, Inc. ("Cracker Barrel"), alleging violations of the Americans with Disabilities Act. The allegations were based in part on Greene's diagnosis of incontinentia pigmenti, a genetic disorder that affects many body systems including the skin, nervous system,

vision, teeth, and hair. Greene alleges that, among other effects, her disability has caused visual impairment.

Defendant Cracker Barrel propounded interrogatories and requests for production of documents upon Greene on April 17, 2009. Under the Federal Rules of Civil Procedure, Greene's answers and any objections to these requests were due within thirty days of their service, or by May 18, 2009. Fed. R. Civ. P. 33, 34. On May 27, 2009, nine days after Greene's answers were past due, Cracker Barrel contacted Greene by letter requesting answers by June 1, 2009. On May 28, 2009, Greene's counsel responded by email and indicated that she needed additional time to respond. The parties subsequently discussed Greene's request for additional time, and on June 3, 2009, the parties reached an agreement whereby Cracker Barrel agreed to an extension of time until June 18, 2009, for Greene to respond to the discovery requests. As part of this agreement, Greene waived her right to object to the interrogatories and document requests.

On June 15, 2009, Greene filed the present motion for extension of time to respond to the discovery requests, indicating that the extra time was required because of her visual impairment. In her motion, Greene does not reference the parties' prior agreement regarding an extension of time, nor does she indicate whether she has waived her objections to Cracker Barrel's interrogatories and document requests. Cracker Barrel responds by

arguing that it does not object to the extension of time, but that the court should find that Greene has waived her objections.

**II.   LEGAL ANALYSIS**

Federal Rule of Civil Procedure 33 governs interrogatories to parties.  In pertinent part, it states

> (2) Time to Respond.  The responding party must serve its answers and any objections within 30 days of being served with the interrogatories.  A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court.
>
> . . . .
>
> (4) Objections.  The grounds for objecting to an interrogatory must be stated with specificity.  Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.

Fed. R. Civ. P. 33(b)(2,4).  Federal Rule of Civil Procedure 34 governs document production requests:

> (A) Time to Respond.  The party to whom the request is directed must respond in writing within 30 days after being served.  A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court.
>
> (B) Responding to Each Item.  For each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons.
>
> (C) Objections.  An objection to a part of a request must specify the part and permit inspection of the rest.

Fed. R. Civ. P. 34(b)(2)(A-C).

"As a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived."  <u>Blackmond v. UT Medical Group,</u>

-3-

Inc., No. 02-2809 Ma/V, 2003 WL 22385678, at *1 (W.D. Tenn. Sept. 17, 2003) (quoting In re United States, 864 F.2d 1153, 1156 (5th Cir. 1989)); see also Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection"); In re United States, 864 F.2d at 1156; see also Drutis v. Rand McNally & Co., 236 F.R.D. 325, 337 (E.D. Ky. 2006) (overruling plaintiff's untimely objections to interrogatories on the grounds that those objections were waived). In the present case, Cracker Barrel propounded its interrogatories and requests for production of documents on April 17, 2009. Greene had thirty days to raise a timely objection to those requests, and because she did not do so, the objections are deemed waived.

A party's waiver of objections to discovery requests may be excused by the court upon a showing of good cause. Fed. R. Civ. P. 33(b)(4). Greene maintains that the visual impairment caused by her disability rendered her unable to respond to Cracker Barrel's discovery requests within the allotted thirty days. Even assuming, *arguendo,* that Greene's disability prevented her from timely responding to the discovery requests, neither the court nor the defendant was apprised of Greene's discovery compliance difficulties until after the expiration of the thirty-day time period. Greene's failure to timely seek an extension from either

-4-

Cracker Barrel or the court constitutes a waiver of her objections. Moreover, the parties reached an agreement in which Greene waived her objections to these requests, and the court is not inclined to undo that agreement.

### III. CONCLUSION

For the above reasons, the plaintiff's Motion For Additional Time for Discovery is DENIED.  Plaintiff shall respond to Defendant's interrogatories and document requests within eleven (11) days from the date of this order.  As plaintiff did not timely file an objection to any of defendant's interrogatories or document requests, she has waived her right to object to the interrogatories and document requests, and must submit full and complete answers to all such requests.

IT IS SO ORDERED.

S/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

July 1, 2009
Date